```
         IN THE UNITED STATES DISTRICT COURT FOR THE
              SOUTHERN DISTRICT OF WEST VIRGINIA
                          CHARLESTON
```

**UNITED STATES OF AMERICA**

**v.**                                                    **CRIMINAL NO. 2:18-cr-00110**

**VINCENT WILLIAMS**

<u>**SENTENCING MEMORANDUM OF THE UNITED STATES**</u>

The United States of America, by Nicholas M. Miller, Assistant United States Attorney for the Southern District of West Virginia, submits this memorandum in aid of sentencing in the above-styled matter.

The United States has no objections to the final Presentence Investigation Report ("PSR"). Defendant's total offense level is 37 with a criminal history category of II which yields a guideline sentencing range of 235-293 months' imprisonment. PSR ¶ 54.

**I.   <u>Defendant Possessed A Firearm In His Apartment Rendering Him Ineligible for The Safety-Valve</u>**

Title 18 United States Code, Section 3553(f) limits the applicability of statutory minimum sentences in certain cases. "To qualify, a defendant must overcome five hurdles, one of which is that defendant must not have 'posses[ed] a firearm . . . in connection with the offense.'" *United States v. Plunkett*, 125 F.3d 873, 874 (D.C. Cir. 1997). (Internal citation omitted). *See also* USSG § 5C1.2(a)(2) and 18 U.S.C. § 3553(f)(2). "Offense" means the offense of conviction and all relevant conduct. *See*

USSG § 5C1.2 Application Note 3. In *Plunkett,* the defendant pled guilty to one count of possession with intent to distribute more than 50 grams of crack. "Under the terms of the plea agreement, his plea related only to the drugs found on his person when he was arrested, and not to more than 500 grams of crack and a firearm found the next day in his apartment." *Plunkett* at 874. The District Court found Plunkett ineligible for the safety-valve because his firearm possession was part of the offense as relevant conduct pursuant to Application Note 3. *Plunkett* at 874. Defendant appealed. The Court of Appeals affirmed, stating the following regarding Application Note 3: "First, we are unpersuaded that Application Note 3's interpretation of the safety-valve is invalid because it purportedly negates any difference between the word 'offense,' used in three subsections of the safety valve, U.S.S.G. § 5C1.2(2)-(4), and the phrase 'the offense or offenses that were part of the same course of conduct or of a common scheme or plan,' used in another subsection, U.S.S.G. § 5C1.2(5)." *Plunkett* at 875. Defendant's eligibility for the safety-valve depends on whether he possessed a firearm in connection with the offense of conviction and all relevant conduct. *United States v. Wilson*, 106 F.3d 1140, 1144 (3rd Cir. 1997).

It is undisputed that Defendant possessed a firearm in connection with relevant conduct. Defendant pled guilty to

2

distributing approximately 13 grams of methamphetamine to a confidential informant. This distribution occurred on September 15, 2017. ECF No. 34 at 9. Defendant admitted that he knowingly and intentionally possessed a loaded .40 caliber handgun and over 2,000 grams of methamphetamine inside his apartment on September 19, 2017, when officers entered to serve a search warrant. ECF No. 34 at 9. Defendant was present in the apartment when officers entered. ECF No. 34 at 9. Given that Defendant has admitted that he possessed a firearm in connection with relevant conduct, he is ineligible for the safety-valve.

## II. Defendant Maintained His Apartment For The Purpose of Distributing A Controlled Substance

Defendant objects to the two-level enhancement pursuant to Section 2D1.1(b)(12) of the United States Sentencing Guidelines. His objection is unpersuasive. Section 2D1.1(b)(12) states: "If the defendant maintained a premises for the purpose of manufacturing or distributing a controlled substance, increase by 2 levels." Application Note 17 of USSG § 2D1.1 states the following in part: "Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant had a possessory in (*e.g.*, owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises.

3

Manufacturing or distributing a controlled substance need not be the sole purpose for which the premises was maintained, but must be one of the defendant's primary or principal uses for the premises, rather than one of defendant's incidental or collateral uses for the premises."

Officer Brandon Perry observed Defendant entering 480 Silver Maple Ridge Apartment 4 using a key on September 18, 2017, prior to travelling to meet the CI to sell him methamphetamine. When officers served a search warrant at this residence on September 19th, Defendant was inside and attempted to flee. Officers recovered over two kilograms of methamphetamine, over 100 grams of heroin, over $13,000.00 (including $1,100 in pre-recorded funds from previous controlled transactions) and a loaded handgun. Officers observed no evidence that anyone else lived in the apartment and Defendant admitted that the apartment was his. Officers also recovered a copy of the lease in Defendant's name and keys to the apartment. The aforementioned facts show that Defendant had a possessory interest in the apartment and that he controlled access thereto. Defendant led police to the methamphetamine inside his apartment. The quantity of the drugs coupled with the recovery of a vacuum sealing machine, packaging material, and a set of working digital scales, make clear that a principal use of the apartment was to store Defendant's drug

4

supply, packaging material, and drug proceeds. The enhancement for maintaining premises for the purpose of distributing a controlled substance should be applied.

### III. Analysis of § 3553(a) Factors

A guideline sentence is appropriate. Defendant had over two kilograms of methamphetamine, over 100 grams of heroin, packaging materials, and a loaded firearm inside his apartment: "The sentencing Commission recognized that drugs and guns form a lethal combination that can lead to violence." *United States v. Harris*, 128 F.3d 850, 852 (4th Cir. 1997).

A guideline sentence reflects the seriousness of Defendant's conduct, promotes respect for the law, provides just punishment for the offense and affords adequate deterrence to criminal behavior.

Respectfully submitted,

WILLIAM S. THOMPSON
United States Attorney

By: /s/ Nicholas M. Miller
NICHOLAS M. MILLER
Assistant United States Attorney
CA Bar No. 269252
300 Virginia Street, East
Room 4000
Charleston, WV 25301
Telephone: 304-345-2200
Fax: 304-347-5104
Email: nick.miller2@usdoj.gov

**CERTIFICATE OF SERVICE**

It is hereby certified that the foregoing "SENTENCING MEMORANDUM OF THE UNITED STATES" has been electronically filed and service has been made on opposing counsel by virtue of such electronic filing this the 27th day of October, 2021, to:

>Wesley P. Page
>Federal Public Defender
>300 Virginia Street, East, Room 3400
>Charleston, WV 25301
>Phone: 304-347-3350
>Email: Wesley_page@fd.org

>/s/ Nicholas M. Miller
>NICHOLAS M. MILLER
>Assistant United States Attorney
>CA Bar No. 269252
>300 Virginia Street, East
>Room 4000
>Charleston, WV 25301
>Telephone: 304-345-2200
>Fax: 304-347-5104
>Email: nick.miller2@usdoj.gov